UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN M. KIDD, *et al.*,<br><br>        Plaintiffs,<br><br>   vs.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>        Defendant.<br>_____/ | CASE NO.   1:13-cv-1583 LJO-BAM<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL**<br><br>(Doc. 14). |

Before the Court is Defendant Allstate Insurance Company's ("Allstate") Motion to Compel which seeks to compel Plaintiffs Darren Kidd and Krystal Pippig's ("Plaintiffs") discovery responses to various written discovery requests. (Doc. 14). Plaintiffs have completely failed to respond to Defendant's discovery requests, and have filed no opposition to the motion to compel. Under Local Rule 251(e), a responding party must file a response to the discovery motion at issue no later than seven days before the hearing date, or in this instance, by June 13, 2014. E.D. Cal. L.R. 251(e). That deadline has passed and Plaintiffs have not filed any response to Defendant's motion. The Court therefore deemed the matter suitable for decision without oral argument, and took the matter under submission pursuant to Local Rule 230(g). (Doc. 15). Having carefully considered Defendant's Motion, as well the entire record in this case, Defendant's Motion to Compel is GRANTED.[1]

---

[1] The failure to respond to the motion is itself grounds for entry of an order granting the motion. E.D. Cal. Local Rule 251(d). Furthermore, the documents in support of the motion show that it should be granted on its merits.

1

## BACKGROUND

The relevant events precipitating this discovery dispute occurred as follows. Plaintiffs filed suit against Allstate in state court on April 3, 2013. (Doc. 1). Plaintiffs' complaint alleges that Allstate wrongfully denied their renter's insurance claim, acted in "bad faith," and is liable for punitive damages. (Doc. 1). When Plaintiffs filed their suit, they were represented by Wilkins Drolshagen & Czeshinsky LLP (the "Wilkins firm"). In July 2013, in response to discovery served by the Wilkins firm, Allstate produced documents, including Allstate's claim file and related files. *See* Declaration of David Simonton ("Simonton Decl.") ¶ 3, (Doc. 14-1). Allstate also served sworn interrogatory responses detailing the factual and documentary evidence supporting its defenses. Simonton Decl. ¶ 5.

On September 20, 2013, Allstate received discovery responses from Plaintiffs disclosing, for the first time, that they were seeking over $75,000 from Allstate. Allstate therefore removed the case to this Court on September 30, 2013. Notice of Removal, Doc. 1 at 1-2. Shortly before removal, on September 26, 2013, the Wilkins firm withdrew as counsel of record and Plaintiffs substituted in as pro pers. Simonton Decl. ¶ 7.

On February 13, 2014, this Court held a mandatory scheduling conference. (Doc. 13). Plaintiffs appeared by telephone pro per. At the scheduling conference, Plaintiffs advised the Court that they have been trying to locate local counsel, and they were still seeking a new attorney. Simonton Decl. ¶ 8.

On April 3, 2014, Allstate propounded Interrogatories, Requests for Production ("RFP's") and Requests for Admission ("RFA's"), with responses due on or before May 6, 2014. Simonton Decl. ¶ 5. Plaintiffs did not provide responses by that deadline.

On May 16, 2014, Allstate's counsel sent a letter to Plaintiffs to discuss the lack of responses. Allstate indicated that it would file a motion to compel if responses and disclosures were not received by May 23, 2014. The letter also asked Plaintiffs to contact Allstate to meet and confer. Simonton Decl. ¶ 11. During a telephone conversation on May 23, 2014, Mr. Kidd stated that Plaintiffs would be unable to provide any responses, other than the documents they had provided to Allstate during the claim investigation, because they had not yet been able to hire a new attorney. Simonton Decl. ¶ 12. According to Mr. Kidd, Plaintiffs had spoken with several attorneys, but none were agreeable to taking

1  their case. *Id.* Allstate's counsel explained that, in light of the discovery deadlines, Allstate could not
2  continue to wait for Plaintiffs to hire a new attorney. He further explained that Allstate needed written
3  responses to the documents requests—even if they said Plaintiffs had no documents other than what
4  they already had produced—and also still needed responses to the RFA's and interrogatories. *Id.* Mr.
5  Kidd replied that Plaintiffs were unable to provide the requested written responses. *Id.* Allstate's
6  counsel therefore stated that Allstate had no choice but to file a motion with the Court. *Id.* Mr. Kidd
7  indicated that he understood and said Plaintiffs would raise their difficulties in obtaining counsel with
8  the Court. *Id.* Allstate's counsel confirmed this conversation in a letter to Plaintiffs on May 28, 2014.
9  Simonton Decl. ¶ 12, Ex. 14.

10  On June 6, 2014, Defendant filed the pending motion to compel. (Doc. 14). Plaintiffs have not
11  served discovery responses as of the filing date nor responded to the motion.

## LEGAL STANDARD

13  Rule 26(b) of the Federal Rules of Civil Procedure establishes the scope of discovery and
14  provides in pertinent part that any non-privileged material "that is relevant to any party's claim or
15  defense" is within the scope of discovery. Fed. R. Civ. P. 26(b). "The party who resists discovery has
16  the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining,
17  and supporting its objections." *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D 281, 283 (C.D. Cal. 1998);
18  *Nestle Foods Corp. v. Aetna Casualty & Surety Co.*, 135 F.R.D. 101, 104 (D. N.J. 1990).

19  When served with interrogatories, the responding party must serve its answers and any
20  objections within 30 days. Fed. R. Civ. P. 33(b)(2). "Each interrogatory must, to the extent it is not
21  objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3)
22  (emphasis added). If a party cannot furnish details, he should say so under oath, say why and set forth
23  the efforts he used to obtain the information. He cannot plead ignorance to information that is from
24  sources within his control." *Milner v. Nat'l Sch. of Health Tech.*, 73 F.R.D. 628, 632 (D.C. Pa. 1977).

25  When responding to requests for production, a party must produce all relevant documents
26  within his "possession, custody or control." *McBryar v. Int'l Union of United Auto. Aerospace & Agr.*
27  *Implement Workers of Am.*, 160 F.R.D. 691, 695 (S.D. Ind.1993) (quotation marks omitted). A party
28  has control or custody of a document when he "has the legal right to obtain the document, even though

3

in fact he has no copy." *Id.* (citing *Scott v. Arex, Inc.*, 124 F.R.D. 39 (D. Conn. 1989); *In re Folding Carton Antitrust Litig.*, 76 F.R.D. 420 (D.C. Ill. 1977)). Answers to requests for production "must be complete, explicit and responsive. Fed. R. Civ. P 34(b)(2)(A). The requesting party "is entitled to individualized, complete responses to each of the requests . . . , accompanied by production of each of the documents responsive to the request, regardless of whether the documents have already been produced." *Louen v. Twedt*, 236 F.R.D. 502, 505 (E.D. Cal. 2006).

Once served with requests for admission, a party has 30 days to respond with "a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). If the party does not admit a matter, "the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4). Failure to respond to requests of admission in a proper or timely manner will result in the matter's being deemed admitted. Fed. R. Civ. P. 36(a)(3) (emphasis added); *accord Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981) ("[F]ailure to answer or object to a proper request for admission is itself an admission: the Rule itself so states.").

**DISCUSSION**

On April 3, 2014, Allstate properly served both Plaintiffs with its first set of interrogatories, requests for admissions, and requests for production. Simonton Decl. ¶ 9. Plaintiffs have failed to respond to discovery and Defendant requests an order compelling Plaintiffs to: (1) respond to the interrogatories and requests for production without objections, and (2) confirm that Allstate's first set of request for admissions are deemed admitted as a result of Plaintiffs' failure to respond. (Doc. 14 at 2).

The undisputed timeline of events preceding Defendant's motion confirms that Plaintiffs have had several opportunities to provide the discovery in question and that Defendant's counsel has been reasonable in granting extensions and attempting to resolve this dispute. Here, Plaintiffs were served with various forms of written discovery which are authorized by the Federal Rules of Civil Procedure. Allstate did not receive responses to any of its discovery requests and provided Plaintiffs additional time to respond. Simonton Decl. ¶ 11. Instead, Plaintiffs are refusing to respond to discovery until they are able to retain new counsel.

Further, Plaintiffs failed to comply with Eastern District Local Rule 251(e), which requires a written response to Defendant's motion. Plaintiffs' claimed reason for failing to respond to discovery—that they are having difficulty finding an attorney—does not excuse their duty in this regard. Plaintiffs initiated this lawsuit, and they are obligated to comply with the applicable Federal Rules of Civil Procedure and Local Rules of this court and to respond to Defendant's discovery requests to the best of their ability. Plaintiffs must answer each discovery request fully, in writing, under oath. Fed. R. Civ. P. 33(b)(3). While extensive research is not required, a reasonable effort to respond must be made. *L.H. v. Schwarzenegger*, No. S-06-2042 LKK GGH, 2007 U.S. Dist. LEXIS 73752, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007). Accordingly, for all these reasons, Defendant's motion is granted in full as follows.

### 1. Requests for Production and Interrogatories

Federal Rule of Civil Procedure 37(a)(3)(B) provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection . . . if: . . . (iv) a party fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B). Defendant's motion provides that on April 3, 2014, Defendant served Plaintiffs with Defendants first sets of requests for production of documents and interrogatories. Simonton Decl. ¶ 9. Defendant's filings show that despite Defendant's counsel's efforts to meet and confer with Plaintiffs, Plaintiffs still have not responded to the discovery requests, even though the responses were originally due by May 6, 2014. Simonton Decl. ¶ 9. Fed. R. Civ. P. 34(b)(2)(A) (providing that responses are due within 30 days). Plaintiffs have not provided any valid excuse for the failure to do so. Plaintiffs have failed to respond to the discovery requests and have not objected to any of them, and therefore, they have thus waived any objections to the discovery requests. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (failure to object to discovery requests within time required constitutes waiver of any objection). Accordingly, Defendant's motion to compel Plaintiffs to respond to Defendant's first sets of requests for production of documents and interrogatories will be granted, and Plaintiffs will be ordered to provide those responses without objections.

//

### 2. Requests for Admission

In regards to Defendant's Requests for Admissions, Plaintiffs have waived all objections to those requests for admission by failing to serve timely responses. "[A] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). Here, there is no dispute that Plaintiffs' responses were well overdue. Further, Plaintiffs possessed the information necessary to respond to the RFAs when their responses were due, and Plaintiffs apparently have no factual basis to dispute the RFAs. Accordingly, the matters to which Defendant's requests for admission are directed are deemed admitted by Plaintiffs.

### 3. Possibility of Future Sanctions

This order requires Plaintiffs to provide discovery. Fed. R. Civ. P. 37(b)(2)(A). Accordingly, any failure(s) by Plaintiffs to obey this order may result in this Court ordering any of the following sanctions against Plaintiffs or other sanctions that may be "just":

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2) ("Failure to Comply with a Court Order [to provide discovery]").

///

///

**4.     Requests for Continuance**

Finally, the Court notes that Plaintiffs indicated to Allstate that since they are unrepresented, Plaintiffs are unable to proceed in this action.  As noted above, Plaintiffs have an obligation under federal and local rules to prosecute their case, despite appearing in pro per.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.")  Nonetheless, if Plaintiffs require additional time to comply with the Court's order, Plaintiffs may apply for such relief by filing a written motion and stating the grounds for relief.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.     Defendant's Motion to Compel Plaintiffs Darren Kidd and Krystal Pippig to respond to Defendant's requests for production of documents and interrogatories is GRANTED;

2.     Within thirty (30) days from the entry of this Order, Plaintiffs must serve Allstate's counsel with complete, verified responses to Allstate's and interrogatories and document requests, including all documents responsive to the requests in Plaintiffs' possession, custody, or control. Plaintiffs' responses must comply with Federal Rules of Civil Procedure 33(b) and 34(b)(2) and must include no objections, as any objections were waived by Plaintiffs' complete failure to serve responses in the time required under the Federal Rules of Civil Procedure;

3.     The matters set forth in Allstate's requests for admission (RFAs) are deemed admitted based on Plaintiffs' failure to respond to the RFAs; and

4.     Plaintiffs are admonished that failure to comply with this order and/or continued failures to comply with the Local Rules and/or the Federal Rules of Civil Procedure may result in the imposition of sanctions, including monetary sanctions, evidentiary sanctions, and/or striking of Plaintiffs' complaint. *See* E.D. Cal. L.R. 110; Fed. R. Civ. P. 37(b)(2); Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

Dated:     **June 18, 2014**                    /s/ *Barbara A. McAuliffe*             
                                                          UNITED STATES MAGISTRATE JUDGE